Application of Guy **DULL KNIFE**, Sr., etc.

v.

Rogers C. B. **MORTON**, etc., et al.

Civ. 74–5033.

United States District Court,
D. South Dakota.

Feb. 21, 1975.

Gary R. Thomas, Ft. Thompson, S. D., Terry L. Pechota, South Dakota Legal Services, Mission, S. D., for plaintiff.

William F. Clayton, U. S. Atty., Sioux Falls, S. D. for defendants.

MEMORANDUM OPINION

BOGUE, District Judge.

Gentlemen:

A hearing on the above-entitled matter was held before this Court on September 26, 1974, when the plaintiff seeks injunctive relief against the above-named defendants. The plaintiff brings the action on his own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all other persons similarly situated. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1361, which provides that the district courts have original jurisdiction over any action in the nature of manda-

mus to compel an officer or employee of the United States or any agency thereof, to perform a duty owed to the plaintiff. This action was brought to compel the defendant Department of Interior and Bureau of Indian Affairs officials to commence the probates of the trust estates of Indians who have died or will die possessed of trust property on the Pine Ridge Indian Reservation in South Dakota, within the time period proscribed by certain Department of Interior regulations.

On or about July 20, 1973, Rose Bull Bear Dull Knife, the wife of Guy Dull Knife, Sr., passed away at Gordon, Nebraska. On several occasions in the past year, Guy Dull Knife, Sr., has visited the Pine Ridge Agency of the Bureau of Indian Affairs in Pine Ridge, South Dakota, and inquired of the Superintendent and several other employees of the Agency when the probate of his deceased wife's trust estate would be commenced. He was told by the Superintendent and all others that it would be at least a year or two before the probate would begin. The testimony at the hearing would indicate that the Bureau of Indian Affairs, at that date, was at least one or more years behind in submitting data to the examiner necessary for the examiner to conduct probate hearings of members of the Oglala Sioux Tribe who died possessed of trust property on the Pine Ridge Indian Reservation. Pending the probate of an Indian trust estate the presumptive heirs are precluded from initiating income by negotiating leases, selling or otherwise using the trust land held in the estate. They are precluded from receiving any lease money, currently being paid on leases on the trust estate, since during the pendency of the probate of trust estates, all lease income from such estates are paid into the estate and withheld from presumptive heirs by the Bureau of Indian Affairs until such time as probate is completed.

Title 43 of the Code of Federal Regulations at § 4.210 provides that within the first seven days of each month, each Superintendent shall prepare and furnish to the appropriate examiner a list of the names of all Indians who have died, and whose names have not previously been reported. It further provides that within ninety days of receipt of the notice of death of an Indian who died owning trust property, the Superintendent having jurisdiction thereof shall commence the probate of the trust estate by filing with the appropriate examiner all data shown in the records relative to the family of the deceased and his property.

## I.

 It is this Court's finding that the named plaintiff has met the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure. Therefore, the plaintiff will be allowed to bring this action on his own behalf and, on behalf of all other persons similarly situated. The members of the class similarly situated are all persons who are or will be presumptive heirs to all trust estates of Oglala Sioux Indians who die or will die possessed of trust property on the Pine Ridge Indian Reservation located in South Dakota. The class action involved in this case will be considered to be prosecuted under Federal Rules of Civil Procedure 23(b)(2). This Court having decided that the members of the class will be adequately represented by the named plaintiff, and since this action is maintained under F.R.C.P. 23(b)(2) this Court will not require that the members of the class be provided with notice that they may exclude themselves from the action. Notice in Rule 23(b)(2) type actions really serves only to allow those members an opportunity to decide if they want to intervene or to monitor the representation of their rights. *See,* 7A Wright and Miller, Federal Practice and Procedure, § 1786 at 144 (1972).

## II.

The Court will now turn to the propriety of the issuance by this Court of a preliminary injunction compelling the defendants to comply with certain regulations. Rule 65(a) of the Federal Rules of Civil Procedure does not delineate any specific factors to be considered by a trial court in passing on the propriety of a preliminary injunction, however, in the past a substantial body of case law has established a number of factors that have been found useful in deciding whether to grant or deny a preliminary injunction. The three most important and often discussed factors are: (1) the significance of the threat of irreparable harm to plaintiff if the injunction is not granted; (2) the state of the balance between this harm and the injury that granting the injunction would inflict on defendant; and (3) the probability that the plaintiff will succeed on the merits. *See,* 11 Wright and Miller, Federal Practice and Procedure, § 2948 (1972).

As to the threat of irreparable harm to the plaintiff and the members of his class, many of the facts relating to this individual plaintiff were discussed previously in this Memorandum Opinion. To summarize again, the basic harm which will befall the plaintiff and his class is the inability of the plaintiff class to negotiate leases on trust lands, receive any income from any leases that may be negotiated by the Bureau of Indian Affairs and also the fact that the Secretary has the authority to include the probated trust land in range units for grazing purposes for periods of up to five years, possibly depriving the plaintiffs of the use of their trust lands for this five-year period. These factors, combined with the fact that the plaintiff class, generally speaking, are low-income individuals, leads this Court to conclude that the plaintiff's class will suffer irreparable harm because of the named defendants lengthy delays in commencing probate proceedings.

In passing upon the second factor, and balancing the harm that would accrue to the defendant should the injunction be granted, against the harm that would accrue to the plaintiff class should the injunction be denied, this Court concludes that the defendants will not suffer significant injury. In reaching this conclusion the Court takes specific note of the fact that the defendants are charged with providing for the care, support and assistance of Indians throughout the United States. 25 U.S. C. § 13. Any harm that would befall the defendants in being ordered to immediately bring trust probates up to date and keep them up to date, would pose no greater burden than is already conferred upon them specifically by law. *See,* 43 C.F.R. § 4.210(b).

It is this Court's conclusion that the plaintiff has sufficiently met the third factor considered by courts, that being, that there is a great likelihood that they will succeed on the merits. The Bureau of Indian Affairs of the Department of Interior is responsible for ascertaining the legal heirs of Indians who died owning trust property without having made a will disposing of such trust property. 25 U.S.C. § 372. Pursuant to fulfilling that responsibility, the Secretary of Interior has promulgated rules and regulations to be followed by the Bureau of Indian Affairs in probating Indian trust estates. 42 C.F.R. § 4.210. The relief requested by the plaintiff class is merely that the Bureau of Indian Affairs carry out the duties imposed upon them by the Secretary of Interior. 43 C.F.R. § 4.210.

For the above reasons, the plaintiff's application for a preliminary injunction is hereby granted.